UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Alan M. Martay, | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-05-154 |
| | § | |
| Michael J. Astrue, | § | |
|     Commissioner, Social | § | |
|     Security Administration, | § | |
|     Defendant. | § | |

**OPINION AND ORDER**

Before the court in this Social Security case is Victor N. Makris's opposed 42 U.S.C. § 406(b) motion for attorney's fees (Dkt. 21). Makris seeks $6,840.75 (25% of plaintiff's awarded benefits) pursuant to his contingency fee agreement with plaintiff. For the reasons expressed below, Makris's motion is granted.

**Analysis**

After the Commissioner denied plaintiff's application for benefits, plaintiff filed a complaint in federal court challenging the Commissioner's decision. This court reversed and remanded the Commissioner's decision on July 18, 2005. On remand, plaintiff ultimately recovered benefits in the amount of $27,741.00.[1] Makris argues that he is entitled to 25%

---

[1] While Makris's motion approximates plaintiff's award at $27,363.00, the Commissioner lists plaintiff's total award as $27,741.00, with $6,840.75 of this award earmarked for payment of attorneys fees. *See* Dkt. 21, Ex. 1, p. 7.

of this award because his contract with plaintiff provides for a 25% contingency fee, and because 42 U.S.C. § 406(b) allows for a contingency fee recovery of up to 25%. Makris also argues that *Gisbrecht v. Barnhart*[2] applies here to require a contingency award, rather than an award calculated by the lodestar method, because the 25% fee he is seeking is otherwise reasonable.

The Commissioner does not oppose Makris's request for a reasonable award but states that this court cannot determine the reasonableness of Makris's request because he did not submit an itemized statement of his hours. The Commissioner also states that this court is without jurisdiction to award fees for any work Makris did at the administrative level because, although *Gisbrecht v. Barnhart* overruled the Fifth Circuit's lodestar preference in *Brown v. Sullivan*,[3] it did not overrule *Brown's* holding that federal courts may not award fees for services rendered at the administrative level.[4]

The court need not decide this issue, however, because Makris's federal court work alone is sufficient to justify the $6,840.75 fee,[5] *and* he has provided a sufficient description of this work to satisfy the court that the fee is reasonable. Specifically, Makris states that in

---

[2] 535 U.S. 789 (2002).

[3] 917 F.2d 189, 191 (5th Cir. 1990).

[4] The Fifth Circuit has apparently not considered *Brown's* remaining viability in light of *Gisbrecht*. However, District Judge David Hittner has authored a very persuasive opinion rejecting the Commissioner's bifurcated approach to fee awards. *Brantley v. Barnhart*, No. H-00-1380 (S.D. Tex. July 1, 2007).

[5] *See* Dkt. 22, p. 7.

securing plaintiff's remand he: (a) reviewed several hundred pages of records; (b) researched caselaw, agency rulings, and other administrative materials; and (c) wrote and filed a 16 page brief in support of plaintiff's motion for summary judgment. Makris states that his normal fee is $195/hour and that, if he were to itemize the hours he spent on these activities, the total would exceed 35 hours.[6] Thus, because 35 hours is an average, reasonable amount of time to spend obtaining a federal court remand in a case of this complexity, and 35 hours x $195/hour is $6,825, Makris's requested fee of $6,840.75 is reasonable on its face. *See, e.g., Rodriquez v. Bowen*, 865 F.2d 739, 747 n.4 (6th Cir. 1989) (*en banc*) (citing an "in-house" survey encompassing seven years of data that the average number of hours asserted in fee petitions was 37.3); *Hardy v. Callahan,* No. 9:96-CV-257, 1997 WL 470355, p. 9 (E.D. Tex. 1997) (finding a typical fee application claims between thirty and forty hours worked at the district court level).

Nothing in the record suggests that a downward departure from the 25% contingency fee is in order. A fee of $6,840.75 is not unreasonably large for the work performed here. Makris obtained favorable results for his client, despite the Commissioner's unfavorable adjudication of plaintiff's claims at four separate stages of administrative review. Makris expended a reasonable amount of time and labor in obtaining these results and did not seek any extensions or otherwise cause delay. Further, the other factors normally considered when evaluating an attorney's performance weigh in favor of granting Makris his requested fee.

---

[6]  *See* Dkt. 22, p. 3.

*See e.g. Gisbrecht*, 535 U.S. at 795; *Johnson v. Georgia Highway Express, Inc*. 488 F.2d 714 (5th Cir. 1974).

Accordingly, Plaintiff's first amended opposed motion for authorization of attorney's fees (Dkt. 21) is granted; plaintiff's originally filed unopposed motion for same (Dkt. 19) is denied as moot, and the amount of $6,840.75 shall be awarded to Victor N. Makris to compensate him for services rendered to plaintiff before this federal court.

Signed at Houston, Texas on July 21, 2008.

_____
Stephen Wm Smith
United States Magistrate Judge